[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 31 May 1996 DATE OF APPLICATION: 3 June 1996 DATE APPLICATION FILED: 4 June 1996 DATE OF DECISION: 25 March 1997
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Litchfield, at Litchfield. Docket No. CR-95-86546.
David Moraghan, Esq., For the Petitioner.
Guy W. Wolfe, Esq, For the State of Connecticut.
BY THE DIVISION
The petitioner pled guilty to Larceny 1st by Embezzlement a violation of Connecticut General Statutes 53a-122. He was sentenced by the trial court to twelve years, execution suspended after six years with five years probation with special conditions.
The petitioner was the former treasurer of the Greenwoods Scholarship Foundation and as such he was responsible for all financial records. Once the records of the foundation were audited it was found that over $200,000 was missing from the organization. It was also found that money was missing from the Winsted Fire Department in which the petitioner was in charge of the financial records.
Counsel for the petitioner noted that he cooperated with the police and that he had no prior record. At the hearing counsel handed to the panel four other sentences for similar crimes imposed by the same sentencing judge. In argument, counsel noted that in the cases presented to the panel that CT Page 4677 only one lout of the four cases served time. In argument counsel felt that there was no real distinction between the cases and that the court failed to point out any during his sentencing remarks. Counsel noted that the money that was missing in this case was used by the petitioner to keep his business afloat and to put his kids through college. Further some of the funds from the scholarship organization were used to fund the Winsted Fire Department. It was argued that the sentencing court gave too much weight to the amount of claims that the Winsted Fire Department said were missing. Finally the petitioners counsel felt that the sentence handed down in this case was inappropriate when compared to the other sentences for similar crimes by the same judge and that this panel must make an adjustment.
Petitioner when he spoke to the panel indicated that he withdrew his motion for sentencing reconsideration to bring closure to this terrible act that he committed. He told the panel that he offered his pension to help pay off some of the financial claims but was prevented by the fund's rules and a bank's interpretation from doing so.
The counsel for the state reminded the panel that the petitioner stole close to $300,000 in funds and that both institutions that he stole from were charitable organizations. The panel was told that the stealing by the petitioner started long before he experienced business difficulties and that the evidence showed that he tried to cover his tracks by transferring money between the two organizations. In arguing that the panel should uphold the sentence counsel emphasized that the petitioner abused his office of treasurer and trust in both organizations and that the sentence should be affirmed.
In reviewing the other cases presented to the panel we find a myriad of sentencing alternatives utilized by the trial court. We note that the amount taken by the petitioner was much larger than the other cases and that the court ordered restitution either in payments of money or community service in those comparable cases. While considering those cases, due to the large number of variables that the judge had to consider in each case, this panel cannot say that solely based upon the limited historical sentencing pattern of the court that this sentence is excessive or inappropriate and contrary to the mandates of Practice Book 942. In reviewing the CT Page 4678 remarks of the sentencing court we find balanced and well thought out reasons for the imposition of the present sentence. The court showed sensitivity to the crime committed and its effect on the charitable organizations. It noted the pressures on the petitioner at the time of the crime. As a court should the sentencing remarks reflect that the petitioner has a family, that he will be released some day and that he should make amends for these serious criminal acts. The sentence imposed was neither inappropriate nor disproportionate and it is AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.